UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DANIEL RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>ROBIN RAWLINSON, GLENN TUCKER, in his individual and official capacity as medical director at R.I. Department of Corrections LESLIE BRIDGMAN in her individual and official capacity as health services administrator at R.I. Department of Corrections; ROBERT LANTAGNE, in his official capacity as Warden of High Security; JOHN DOES 1–10, in their individual and official capacities<br><br>Defendants. | C.A. No. 26-cv-554-MRD-RLA |

**ORDER**

MELISSA R. DUBOSE, United States District Judge.

Before the Court is a motion filed by Daniel Rodriguez wherein he requests that this Court grant him an additional ninety (90) days to serve Defendant Robin Rawlinson and issue an Order directing service be effectuated by the United States Marshals Service ("USMS"). ECF No. 22. He also asks that he be allowed to engage in limited identification discovery. *Id.* Each request shall be addressed in turn.

On August 14, 2026, the Rhode Island Office of the Attorney General filed Notices of Acceptance of Service on behalf of Defendants Tucker, Bridgman, and Lantagne, and a Notice of Declination of Service as to Defendant Rawlinson. ECF Nos. 18, 19, 20. Given the recent declination of service as to Defendant Rawlinson, and the fact that Rodriguez was recently transferred from the Rhode Island Adult Correctional Institutions to Red Onion State Prison in Virginia, the Court finds the request for a ninety (90) day extension to serve Defendant Rawlinson to be reasonable. ECF No. 20; ECF No. 22 at 1. Further, under Fed. R. Civ. P. 4(c)(3), "[a]t

the plaintiff's request, the court may order that service be made by a United States Marshal … [and] [t]he court must so order if plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915." Based on this, the Court GRANTS Rodriguez's requests for an extension of time and for service by the USMS. On serving Defendant Rawlinson, Rodriguez's motion requests that "[i]f an address is required, [he] requests a reasonable procedure for obtaining it from an appropriate custodian or entity, including confidential transmission to the Clerk of Marshals Service where appropriate." ECF No. 22 at 2.

For the USMS to effectuate service on Defendant Rawlinson, Rodriguez is required to fill out "USM-285" which is a form for service of process. That form requires an address where the individual—here Defendant Rawlinson—can be served. Rodriguez explains that because he "is now incarcerated at Red Onion State Prison in Virginia [he] lacks access to RIDOC contractor records and any reliable current service address for Rawlinson." *Id.* at 1. The Court is sensitive to this fact considering its prior finding that "the Complaint states at least one plausible claim for relief[.]" Text Order, August 13, 2026. Accordingly, consistent with Federal Rule of Civil Procedure 26, the Court authorizes Rodriguez to issue early discovery to the Rhode Island Department of Corrections ("RIDOC") on the sole issue of identifying an address where Defendant Rawlinson may be served. *See* Fed. R. Civ. P. 26(d)(1) (explaining that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except … by court order."). Rather than engaging in this discovery process, RIDOC may submit under seal an address where Defendant Rawlinson may be served. If RIDOC submits that address under seal within twenty days of this Order, then Rodriguez cannot engage in early discovery with respect to Rawlinson's address.

Finally, the motion seeks an order allowing Rodriguez to engage in early discovery, again pursuant to Fed. R. Civ. P. 26(d)(1), to identify the John Doe defendants. *See* ECF No. 22. On this part of Rodriguez's request, the represented Defendants object and explain that Rodriguez can seek this information after "the Court provides a discovery schedule at the Rule 16 conference." ECF No. 23 at 1. In *Strike 3 Holdings, LLC v. Doe*, a colleague in the District of Massachusetts granted a plaintiff's request to issue early discovery to an internet service provider to help identify the "John Doe" defendant. 837 F. Supp. 3d 315, 316 (D. Mass 2026). There, the defendant was unknown and the court allowed early discovery given plaintiff had pled the prima facie elements of a claim. *Id.* Unlike that case, here there are named Defendants which Rodriguez can proceed against, and if the John Doe Defendants are uncovered during the normal discovery process, he may seek to amend his Complaint. Until then, however, his request for limited identification discovery as to the John Doe Defendants is DENIED.

In conclusion, Rodriguez's motion is GRANTED in part and DENIED in part. The Order is as follows:

1. The Court GRANTS Rodriguez's request for a ninety (90) day extension of time to serve Defendant Rawlinson;
2. The Court GRANTS Rodriguez's request for USMS service;
3. The Court GRANTS Rodriguez's request for early discovery limited only to information that would assist the USMS in serving Defendant Rawlinson. However, if RIDOC files that information with the Court, under seal, within twenty (20) days of this Order then Rodriguez shall not be permitted to engage in any early discovery; and
4. The Court DENIES Rodriguez's request for limited identification discovery.

IT IS SO ORDERED.

MELISSA R. DUBOSE
United States District Judge

November 20, 2026